IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN  DIVISION

| | |
|---|---|
| JENNIFER D. ALLEY and REAL TIME MEDICAL DATA, LLC<br><br>　　Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES.,<br><br>　　Defendant. | ]<br>]<br>]<br>]<br>]<br>]　CV-07-BE-0096-E<br>]<br>]<br>]<br>]<br>]<br>]<br>]<br>] |

# MEMORANDUM OPINION

This matter arising under the Freedom of Information Act ("FOIA") comes before the court on "Plaintiff's [sic] Motion for Summary Judgment upon Remand" (doc. 122)and "Defendant's Cross-Motion for Summary Judgment upon Remand" (doc. 126).  Those motions address Plaintiffs' claims regarding withheld data based on Plaintiffs' requests for 2002 Medicare Part B Outpatient Data in Florida, Georgia, Mississippi, and Tennessee, and have been fully briefed.  For the reasons stated in this Memorandum Opinion, the court finds that Plaintiffs' motion for summary judgment on remand is due to be denied and that Defendant's motion for summary judgment on remand is due to be granted.  Further, as to Plaintiffs' claims regarding the March 2007 Alabama Medicare data, the court reaffirms and re-enters its original finding that summary judgment on this claim is due to granted in favor of Defendant and against Plaintiffs.

1

# I.  BACKGROUND

Plaintiffs, Real Time Medical Data, L.L.C. and its owner/agent, Jennifer Alley, filed this action in 2007, challenging Defendant HHS's denial of various FOIA requests for data.  The current summary judgment motions do not represent the first dispositive motions before this court.  The parties filed the first round of cross motions for summary judgments in November (doc. 30 - HHS's motion) and December (doc. 35 - Plaintiffs' motion) of 2007.  In HHS's initial motion for summary judgment, its arguments relevant to the instant motions focused upon the applicability of a 1979 injunction issued by a federal district court ("the *FMA* injunction") and FOIA's Exemption 6.   The court ruled on those motions as follows:

Request for 2002 Medicare Part B Outpatient Data in Florida, Georgia, Mississippi and Tennessee:
  *Already Released Data:* The court denied both parties' motions on this claim, and further, granted leave to conduct discovery on the issue of whether HHS initially denied the request because it had/has an agency policy in place violating FOIA.[1]
  *Withheld Data:* The court granted summary judgment in favor of Plaintiffs and against Defendant on this claim, finding that Defendant improperly withheld certain data elements.  In making that determination, the court ruled that the data did not fall within the scope of the *FMA* injunction and that Exemption 6 did not protect the data's release.

March 2007 Request for Medicare Part B Outpatient Data in Alabama:
  The court granted summary judgment on this claim in favor of Defendant and against Plaintiffs, finding that Plaintiffs had failed to exhaust their administrative remedies.

(Docs. 43 & 44).  Along with its rulings, the court entered a corresponding permanent injunction. (doc. 44).

Shortly after the court ruled on the first round of summary judgment motions, the

---

[1] During the pendency of the appeal to the Eleventh Circuit, the parties filed the second round of summary judgments (doc. 94 - Plaintiffs; doc. 112 - HHS) as to the issue of whether HHS had initially denied the request because it had/has an agency policy in place violating FOIA. This court granted HHS's motion on this issue and denied Plaintiffs' motion. (Doc. 138).  This issue was not before the Eleventh Circuit.

American Medical Association filed a motion to intervene (doc. 45), which this court granted (doc. 60).  HHS then filed a motion for reconsideration (doc. 49) which this court denied (doc. 60) and a motion to stay pending reconsideration (doc. 52), which this court found to be moot (doc. 60).  HHS then filed an appeal to the Eleventh Circuit of the adverse decision on the request for 2002 data (regarding the withheld data), and both Defendants filed motions to stay (docs. 67 & 68) pending appeal in this court, which this court denied (doc. 72).  Plaintiffs did not file a cross-appeal of the court's adverse decision on the March 2007 request for outpatient Part B data in Alabama (doc. 120, at 10 n. 7).

      In 2010, the Eleventh Circuit vacated this court's judgment on the initial round of summary judgment motions, and remanded the matter to this court for proceedings consistent with its opinion.  (Doc. 120, at 33).  The Eleventh Circuit rejected this court's "narrow interpretation of the [FMA] injunction," finding that "the FMA injunction, reasonably construed, covers the subject matter of Alley's FOIA request;" thus, the Court of Appeals concluded that "HHS did not 'improperly' withhold those records under the FOIA."  (Doc. 120, at 32).  In a footnote, the Eleventh Circuit acknowledged that its decision did not entirely resolve the FOIA request that was the subject of the appeal, because HHS had also refused to release records that the *FMA* injunction did not cover.  Noting that "[i]t is possible" the data falling outside the injunction might be subject to release if it were "reasonable segregable" from data falling under the *FMA* injunction, the court expressly left that issue open.  (Doc. 120, at 32-33 n. 13).

      As to the second issue HHS raised on appeal, this court's Exemption 6 ruling, the

Eleventh Circuit explicitly stated that it did not reach that issue.[2]

After the Eleventh Circuit's ruling, the Plaintiffs (doc. 122) and HHS (doc. 126) filed this third set of cross motions for summary judgment to resolve the requests for data that do not fall within the scope of the *FMA* injunction. Included in the supplemental evidence HHS filed in support of its motion was notice of another injunction, which HHS characterizes as similar to the *FMA* injunction, entered in 1980 by a federal district court sitting in the eastern district of Louisiana. *See Am. Ass'n of Councils of Med. Staffs of Private Hosps.*, No. 78-1373, injunction entered April 30, 1980. (Doc. 132-1). That order enjoins HHS, among other defendants, "from making any public disclosure of the names or identities of the plaintiff physicians and physician-members of the plaintiff organizations in association with or with respect to monies received by said physicians' patient-beneficiaries on Medicare, Part B, unassigned claims."

Defendant AMA does not take a position on the cross-motions for summary judgment on remand. (Doc. 129).

## II. STANDARD OF REVIEW

The Eleventh Circuit Court of Appeals has noted that once documents at issue are properly identified, FOIA cases are properly resolved on motions for summary judgment. *See Miccosukee Tribe of Indians of Fla.*, 516 F.3d 1235, 1243 (11th Cir. 2008); *Miscavige v. IRS*, 2

---

[2] It stated: "Because we conclude that the FMA injunction bars disclosure of the requested data, we have no need to decide if Exemption 6 would prevent it." (Doc. 120, at 12 n. 9). Referring in a footnote to *Consumers' Checkbook, Center for Study of Services v. United States Department of Health & Human Services*, a decision that the D.C. Circuit entered *after* this court's ruling on the initial round of summary judgment motions and that found Exemption 6 prevented the release of similar data, the Eleventh Circuit noted that both circuits had "arrive[d] at the same destination" barring disclosure of the requested data, but by an "opposite route." (Doc. 120, at 12 n. 9).

F.3d 366, 369 (11th Cir. 1993).  Summary judgment is appropriate in a FOIA action when "viewing the facts in the light most favorable to the non-moving party, no genuine issue of material fact remains."  *Burka v. Dep't of Health & Human Servs.*, 87 F.3d 508, 514 (D.C. Cir. 1996); *see* Fed. R. Civ. P. 56(c).

      The court shall determine *de novo* the issue of whether the federal agency's nondisclosure was proper.  *See* 5 U.S.C. § 552 (a)(4)(B).  The burden rests on the government agency seeking to withhold information to prove that the information is exempt from disclosure under at least one FOIA Exemption.  *See U.S. Dep't of State v. Ray*, 502 U.S. 164, 172 (1991); *News Press v. U.S. Dep't of Homeland Sec.*, 489 F.3d 1173, 1191 (11th Cir. 2007); *see also Nadler v. U.S. Dep't of Justice*, 955 F.2d 1479 (11th Cir. 1992), *overruled on other grounds by U.S. Dep't of Justice v. Landano,* 508 U.S. 165 (1993).  To sustain its burden of justifying the withholding of data or records under FOIA, the government must submit "affidavits or declarations that describe the withheld material with reasonable specificity and explain why the records fall within the claimed FOIA exemptions."  *Times Publ'g Co. v. U.S. Dep't of Commerce*, 104 F. Supp. 2d 1361, 1363 (M.D. Fla. 2000), *rev'd and remanded on other grounds*, 236 F.3d 1286 (11th Cir. 2001); *see also Weisberg v. Dep't of Justice*, 745 F.2d 1476, 1492 (D.C. Cir. 1984).

      When the pleadings and the submitted affidavits and declarations demonstrate that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law, the court must grant the motion for summary judgment.  *See Alyeska Pipeline Serv. Co. v. U.S.E.P.A.*, 856 F.2d 309, 313-14 (D.C. Cir. 1988).  However, the mere filing of cross-motions for summary judgment does not preclude the existence of genuine issues of material fact.  *See Slay v. State of Alabama*, 636 F.2d. 1045, 1047 (11th Cir. 1981).  If the pleadings and

submissions show that a federal agency improperly withheld information from a requesting party, FOIA gives the federal district court jurisdiction to enjoin that "agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B); *see Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 139 (1980).

### III.  FACTS

Because these motions represent the third set of dispositive motions this court has addressed, and the facts have been thoroughly set out in previous opinions of this court (s*ee* docs. 43 & 137), the court simply adopts its previous recitations of facts.

### IV.  DISCUSSION

**A.  2002 Medicare Part B Outpatient Data in Florida, Georgia, Mississippi, and Tennessee**

After the Eleventh Circuit vacated this court's previous judgment on the first round of motions for summary judgment, the parties filed these cross-motions for summary judgment, asking the court to resolve the issues in this litigation after and in light of the Eleventh Circuit's opinion on appeal. (*See* Doc. 120; *Alley v. U.S. Dep't of Health & Human Servs.*, 590 F.3d 1195 (11th Cir. 2009)). The Eleventh Circuit found that the *FMA* injunction "does cover the information that the district court ordered HHS to disclose in this case;" therefore, HHS's motion for summary judgment is due to be granted, at least in large part. Yet, here is the rub: as the Eleventh Circuit acknowledges in a footnote, the *FMA* injunction does not completely cover the FOIA requests in the instant case.

When a portion of records requested are exempt from release, FOIA requires that "[a]ny reasonably segregable portion of a record shall be provided to any person requesting such a

record after deletion of the portions which are exempt." *See* 5 U.S.C. § 552(b).  Courts have not required segregation and release of records where, due to the format of the requested record, its segregation from the exempt record is not technically feasible.  *See, e.g., Antonelli v. Bureau of Prisons*, 591 F. Supp. 2d 15, 26-27 (D.D.C. 2008).  Further, where non-exempt portions of records are "inextricably intertwined" with exempt portions, segregation is not required. *Miccosukee Tribe of Indians of Fla. v. United States,* 516 F.3d 1235, 1257 n.22 (11th Cir. 2008).

In the instant case, the Eleventh Circuit vacated this court's opinion, including its decision on the Exemption 6 issue; however, the Court of Appeals explicitly chose not to reach that issue.  Thus, at this point, no determination exists as to whether the records that do *not* fall within the scope of the *FMA* injunction are exempt from release under Exemption 6.  As to the records that *do* fall within the scope of the *FMA* injunction, because they are protected from release by court order, the court treats them like records that fall within FOIA exemptions and applies the same analysis on the segregation issue.  The Eleventh Circuit recognized the possibility that the requested records not falling within the scope of the *FMA* injunction could be segregated and released, but it explicitly left open that issue.

Therefore, that threshold determination now falls to this court: is the portion of the requested data that is *not* subject to the *FMA* injunction "reasonably segregable" from the portion that is?  Plaintiffs answer that question in the affirmative, and HHS disagrees.

In support of its argument that it cannot reasonably segregate the data in question, HHS provides the declaration of Deborah J. Peters, the Deputy Director of the FOIA group for the agency, whose duties include determining whether to release or withhold records in accordance with the FOIA. (Doc.125-1).  Peters explains, for example, that although the agency can

7

segregate data regarding providers whose medical practice is located in Florida, it has no ability to reasonably segregate data about providers whose medical practice is located outside of Florida and who submit Medicare claims *only* in other states but who maintain Florida licenses, and thus, fall within the *FMA* injunction. Further, Peters explains why segregating data regarding AMA members is not reasonably feasible. CMS, the fiscal intermediary that handles these FOIA requests, "does not maintain AMA membership information for providers who are enrolled in the Medicare program, because AMA membership is not a requirement of enrolling in the Medicare program." (Doc. 125-1, ¶ 6, at 3). Peters lists the "vulnerabilities" of relying on the AMA's website. For example, AMA membership is fluid because it must be renewed annually, and thus, data about doctors who are not subject to the injunction one day may fall within the injunction the next. To keep up with the fluctuations would require daily monitoring and, even then, no guarantee would exist that the website reflected current membership information; up to a fifteen day delay exists in the display of changes in membership. In short, because of the fluctuating AMA membership lists, delayed AMA membership updates, and difficulty identifying Florida licensees, segregation of the data falling within *FMA* injunction from data falling outside the injunction represents a quagmire.

In support of their argument in favor of segregability, Plaintiffs offer an unverified report quoting the AMA's President's remarks at the organization's 2007 convention to the effect that AMA membership is in decline and that "only a fraction" of the practicing doctors are AMA members. This offering does not provide *material evidence* countering HHS's arguments. Even if it did provide some evidence that AMA membership is declining, that information still fails to raise a genuine issue of material fact as to HHS's argument that, regardless of the number of

doctors with AMA membership, HHS has no reasonable way of segregating the AMA data from the non-AMA data.

The court finds that the data requested falling outside the *FMA* injunction is not reasonably segregable from the data enjoined by it.  In light of that finding, the court need not and does not reach the issues of whether that data falls within Exemption 6 or of the effect of the injunction in *American Association of Councils of Medical Staffs of Private Hospitals*, which Defendant attached in its supplemental evidence.  (Doc. 132-1, at 7.)

Therefore, as to the claims for withheld data based on Plaintiffs' requests for 2002 Medicare Part B Outpatient Data in Florida, Georgia, Mississippi, and Tennessee, the court finds that HHS's motion for summary judgment upon remand is due to be granted and that Plaintiffs' motion for summary judgment upon remand is due to be denied: that data either falls within the data enjoined by the *FMA* injunction or is not reasonably segregable from the enjoined data, and HHS does not have to produce that data pursuant to the FOIA.  The court will enter judgment on those claims in favor of HHS and against Plaintiffs.

**B.  March 2007 Medicare Part B Outpatient Data in Alabama**

The Eleventh Circuit vacated this court's previous judgment on the first round of motions for summary judgment.  Because Plaintiffs did not appeal the court's grant of HHS's motion for summary judgment as to the request for March 2007 Medicare Part B Outpatient Data in Alabama, that ruling was not before the Eleventh Circuit, and the Eleventh Circuit's judgment could only vacate that part of this court's judgment that was before the Court.  In an abundance of caution, this court reaffirms the portion of its opinion (doc. 43) and order (doc. 44) that addresses the request for March 2007 Medicare Part B Outpatient Data in Alabama, granting summary

judgment in favor of HHS and against Plaintiffs on that claim, because Plaintiffs failed to exhaust their administrative remedies.

As no further claims remain in this case, the court will dismiss this action. Simultaneously with this Memorandum Opinion, the court will enter a consistent Order.

Dated this 30th day of March, 2011.

_____
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE