IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| JENNIFER D. ALLEY and REAL TIME MEDICAL DATA, LLC | ]<br>]<br>] |
| Plaintiffs, | ]<br>] |
| v. | ]   CV-07-BE-0096-E<br>] |
| UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES., | ]<br>]<br>] |
| Defendant. | ]<br>]<br>]<br>]<br>] |

**MEMORANDUM OPINION**

This matter, arising under the Freedom of Information Act ("FOIA"), comes before the court on "Plaintiff's Motion for Rule 60(b) Relief from Order Vacating Judgment." (Doc. 143). Defendant United States Department of Health and Human Services and Intervenor-Defendant American Medical Association both filed responses, opposing the motion. (Docs. 146 & 145, respectively). With the Plaintiffs' subsequently filed reply (doc. 147), this motion has received thorough briefing. For the reasons stated in this Memorandum Opinion, the court FINDS that the motion is due to be DENIED.

Procedural History

The court need not fully reiterate the long and tortuous journey of this case, as the parties' briefs have sufficiently set out its complicated history. In summary, on May 8, 2008, this court entered a Memorandum Opinion (doc. 43) and Order (doc. 44) on the parties' cross-motions for

1

summary judgment, granting in part summary judgment in favor of the Plaintiffs on some of their claims, finding that HHS violated FOIA in improperly withholding some of the data requested and issuing a permanent injunction ordering the HHS to produce to Plaintiffs certain data.  In reaching that result, this court determined that a previous injunction entered over thirty years ago in a district court sitting in Florida, which this court will refer to as the *FMA* injunction, did not apply to the data ordered disclosed and that the data did not fall under FOIA Exemption 6.  On appeal, the Eleventh Circuit reversed the judgment based on the grounds that the *FMA* injunction did indeed cover and prohibit the disclosure of the data.  The Court of Appeals did not reach the Exemption 6 issue.  The Court reversed and vacated this court's judgment and remanded the case to this court for further proceedings consistent with its opinion.  (Doc. 120).

On remand, the court addressed the parties' cross-motions for summary judgment regarding, among other things, whether HHS must release medical records of providers not covered by the *FMA* injunction.  The court entered summary judgment in favor of the Defendant HHS and against the Plaintiffs as to the 2002 data requested, finding that the HHS properly withheld that data because that data either was enjoined by the *FMA* injunction or was not reasonably segregable from the enjoined data. (Docs. 139 & 140).  The court also addressed other motions, and because it ultimately entered judgment in favor of the Defendant HHS and against the Plaintiffs on all claims, the case was closed as of March 30, 2011.  *See* Docs. 137-140.

The Plaintiffs did not appeal that final judgment.  They did, however, intervene in the *FMA* case, filing a Rule 60(b) motion for relief from the  injunction issued in that case.  On May 31, 2013, a district court sitting in the middle district of Florida granted that motion and vacated the injunction as to its *prospective* effect, finding that it "'rest[ed] upon a legal principle that can

2

no longer be sustained,' warranting relief under Rule 60(b)(5)." The district court in *FMA* explained that the "vacatur of the injunction will not result in an immediate release of the information at issue" but, instead, stated that the Plaintiffs in the instant suit would have to submit new FOIA requests to HHS and, if their requests were denied, they "would be required to exhaust their administrative remedies, and then file a direct action pursuant to FOIA. . . ." *FMA v. Dep't of Health, Educ. & Welfare,* 2013 WL 2382270, at *26 & 28 (M.D. Fla. 2013).

Having won a vacatur of the *FMA* injunction, the Plaintiffs then filed a Rule 60(b) motion in this case, requesting, in light of the vacatur, that this court withdraw its Final Order on remand (doc. 140) and reinstate the previously-vacated Order granting summary judgment in favor of the Plaintiffs as to the 2002 data (doc. 44). As noted previously, both HHS and the AMA oppose the motion.

Discussion

Rule 60(b) provides in relevant part:

> "(b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect ... ; (2) newly discovered evidence ... ; (3) fraud ... (4) the judgment is void . . . ; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is not longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60 (b). The Eleventh Circuit has explained that Rule 60(b) "'seeks to strike a delicate balance between two countervailing impulses: the desire to preserve the finality of judgments and the incessant command of the court's conscience that justice be done in light of all the facts.'" *Galbert v. West Caribbean Airways,* 715 F.3d 1290, 1294 (11th Cir. 2013)

(quoting *Seven Elves, Inc. v. Eskenazi,* 635 F.2d 396, 401 (5th Cir. 1981)).  To justify relief from a final judgment under section 6 of Rule 60(b), which is a "catch-all" ground for "any other reason that justifies relief," a movant "must demonstrate that the circumstances are sufficiently extraordinary to warrant relief; that is, movants must show that absent such relief, an extreme and unexpected hardship will result." *Galbert,* 715 F.3d at 1294.  Even if extraordinary circumstances exist, the decision "whether to grant the requested relief is a matter for the district court's sound discretion."  *Id.* (quoting *Cano v. Baker,* 435 F.3d 1337, 1342 (11th Cir. 2006)).

      The Plaintiffs argue that this case represents one where the court's previous "judgment is now known to be incorrect due to the supervening change in law, and where that change arises from a related case or transaction." (Pl.s' Br.  Doc. 143, at 6).  As both HHS and AMA point out in their responses, however, that argument is not accurate.  No supervening change has occurred in the law on which the Eleventh Circuit relied in entering its order on appeal and on which this court relied in entering its Final Order.

      True, the *FMA* injunction that the Eleventh Circuit found applied to the requested data is no longer in effect.  But the injunction *was in effect at the time of the court's Final Order*, and the district court's order of May 31, 2013 in *FMA* vacating that injunction specifically stated that the vacatur only had *prospective* effect. Thus, despite the vacatur, the injunction remains in effect as of the date of this court's Final Order and still would apply to the Plaintiffs' previous FOIA requests.  The Eleventh Circuit found that the terms of the injunction covered the data requested in this case, and, given that finding, the Supreme Court's decision of *GTE Sylvania, Inc. v. Consumers Union of the United States, Inc.,* 445 U.S. 375, 384 (1980), barred HHS from disclosing the information at issue while the FMA injunction was in effect.  *GTE Sylvania* is still

4

good law, and it still supports this court's summary judgment in favor of HHS based on the *FMA* injunction that was in effect at the time of that judgment and that was vacated effective May 31, 2013 prospectively but not retroactively. Thus, the court FINDS that no supervening change in the law has occurred.

Further, the court, in its discretion, FINDS that the vacatur of the injunction prospectively from May 31, 2013 does not provide circumstances sufficiently extraordinary to warrant relief under Rule 60(b)(6). The court recognizes that the Plaintiffs are very frustrated at the circuitous path they have been forced to take to obtain the requested data, and that the prospect of starting from the beginning with a new FOIA request is not a pleasant one. But the Rule 60(b) shortcut is not the proper route, because it doubles back and revisits the old paths barred by the *FMA* injunction, leading to the same frustrating result because the injunction was not vacated retroactively. A new FOIA request will require HHS to address the request without the *FMA* injunction blocking the way, and while starting with a new request may take time, that factor of time is not in and of itself an extreme or unexpected hardship sufficient to justify Rule 60(b)(6) relief. Accordingly, the court, in its discretion, FINDS that the motion is due to be DENIED.

Alternatively, to the extent that the vacatur of the injunction does represent supervening change in the law, the court FINDS that the circumstances are not sufficiently extraordinary to warrant relief under Rule 60(b)(6). Not every change in the law provides an extraordinary circumstance justifying Rule 60(b) relief. *Ritter v. Smith,* 811 F.2d 1398, 1400 (11th Cir. 1987). The Eleventh Circuit has identified several factors for a court to consider in determining whether relief is warranted pursuant to Rule 60(b)(6): (1) whether the previous judgment is unexecuted; (2) whether the delay between the judgment and the motion for relief was minimal - "the longer

the delay the more intrusive is the effort to upset the finality of the judgment"; (3) whether a close relationship exists between the case at hand and the case with the change in the law; and (4) whether vacating the judgment will affect a state court judgment, and thus, raise considerations of comity. *Id.* at 1401-03.

In the instant case, the judgment was unexecuted, no considerations of comity exist, and a relationship does exist between the *FMA* case and the instant one. However, the delay of over two years between the final judgment and the motion, the prospective-only effect of the vacatur of the *FMA* injunction, and the Plaintiffs' ability to file new FOIA requests unimpeded by the injunction together mean that Rule 60(b) relief is not warranted. Accordingly, as an alternative ruling, the court, in its discretion, reaches the same result and FINDS that the motion is due to be DENIED.

The court will enter an Order consistent with this Memorandum Opinion.

Dated this 18th day of November, 2013.

_____
KARON OWEN BOWDRE
CHIEF UNITED STATES DISTRICT JUDGE